# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Shawn A. Wichman, Task Force Officer, United States Department of Justice, Federal Bureau of Investigation (FBI), being duly sworn, state:

## I. INTRODUCTION

1. I am a Task Force Officer with the Federal Bureau of Investigation (FBI). As such, I am "an investigative or law enforcement officer of the United States," within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I became a Police Officer with the Billings Police Department in October of 2005. I have worked approximately eleven years as a uniformed patrol officer. I have also worked approximately three years as a detective for the Billings Police Department. For the last one and one half years of that time, assigned to investigate crimes against children. In addition to these crimes I also investigated homicides, robberies, thefts and assaults. When I was not assigned to the general investigations division I have worked at the Eastern Montana High Intensity Drug Traffic Area (EMHIDTA). During the approximate two and a half years at EMHIDTA I was assigned to the Federal Bureau of Investigations as a Task Force Officer (TFO). I have been assigned to work federal, state, and local narcotics investigations but target federal interstate narcotics investigations.

1

2. Throughout my career, I have received specialized training from a variety of federal, state, and local law enforcement agencies concerning several law enforcement topics.

3. Specifically, I have conducted or assisted with investigations relative to the manufacture, smuggling and distribution of controlled substances and the subsequent illicit transfer and laundering of the proceeds derived from the sale of controlled substances. I have also participated in numerous narcotics investigations which have resulted in the seizure of large quantities of controlled substances, firearms, and contraband associated with violations of Title 18 and Title 21 of the United States Code. I am familiar with, and have participated in, all of the normal methods of investigation, including but not limited to visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the utilization of undercover agents, the use of Grand Jury, and the use of court authorized wire and electronic intercepts. Additionally, I have consulted with other Agents who have been involved in similar investigations.

4. Throughout my career, I have discussed with numerous law enforcement officers, cooperating defendants, and informants, the methods and practices used by gang members and narcotics distributors and I am familiar with their typical methods of operation, including, the manufacturing, distribution,

storage and transportation of narcotics, and the collection of money, which represents the proceeds of narcotics trafficking and money laundering.

## II. DESCRIPTION

5. This Affidavit is submitted in support of a Criminal Complaint issued for Robert Gene Hart, JR, charging him with Possession of Methamphetamine with Intent to Distribute, in violation of Title 21, United States Code, Section 841, Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of Title 21 United States Code 846, and in violation of Title 18 United States Code Section 922G Felon in Possession of Firearm. The statements in this Affidavit pertain to the investigation described below and are based in part on information provided by my own observations and experience as an FBI Task Force Officer, and the observation and experiences of other fellow law enforcement officers participating in the investigation. This Affidavit does not purport to contain all facts related to this investigation, but only those facts necessary to establish probable cause with respect to the aforementioned offense.

## III. PROBABLE CAUSE

6. On May 4, 2022, Officers with the Billings Police Department responded to a call where a male was passed out in a vehicle. As officers approached the vehicle, they observed a male, in the driver's seat with a black

3

pouch on his chest. The officer on the driver side also observed a pistol between the seat cushion and center console.

7.  The officer woke the male up and had him exit the car. The officer observed a second pistol that the male had been sitting on. The male was identified as Robert Hart. The officer was informed that Robert Hart was on state probation. The officer contacted Robert Hart's probation officer and notified them of his observations. The probation officer requested a probation search of the vehicle and Robert Hart's person.

8.  The officer searched the pouch that was on Robert Hart's chest when while Hart was passed out in the vehicle. The officer noticed four separate baggies of a clear crystalline substance. Also in the bag was a smaller baggy of blue pills. The bags later tested presumptively positive for methamphetamine and weighed approximately 4 ounces total (1 ounce per baggy). The packaging style of the suspected methamphetamine and the weight of each baggy is not consistent with personal use and is indicative of distribution of drugs.

9.  Later in a mirandized statement to agents with Eastern Montana HIDTA, Robert Hart admitted to that he was not able to possess a firearm, which are conditions of his current probation. He also admitted to knowing that he was sitting on a firearm that he was holding for his nephew and was attempting to get it back to him.

4

8. Robert is known to agents with Eastern Montana HIDTA to be a local drug dealer. He has a Montana state felony conviction for Criminal Possession of Dangerous Drugs. He has two known outstanding felony drug charges in Montana.

### IV.   CONCLUSION

9. Based upon my knowledge of the overall investigation, I believe Robert Hart possessed methamphetamine with the intent to distribute. The methamphetamine is a Schedule II controlled substance in violation of Title 21, United States Code, Section 841 (a) (1). In addition, Robert Hart conspired unknown subjects to possess methamphetamine with intent to distribute in violation of Title 21 United States Code, Section 846.

10. I swear that the facts presented herein are true and accurate to the best of my knowledge.

_____
Shawn A. Wichman
Task Force Officer
Federal Bureau of Investigation

SWORN AND SUBSCRIBED TO BEFORE ME THIS 5th DAY OF May, 2022.

_____
Honorable Timothy J. Cavan
United States Magistrate Judge
District of Montana